[No. 7272.  Decided September 15, 1908.]

ABNER GIFFIN, *Appellant*, v. KING COUNTY, *Respondent*.[1]

COUNTIES—CONTRACTS—BIDS—AUTHORITY OF COMMISSIONERS AS TO
ROAD WORK. Bal. Code, § 3767, providing that county commissioners
must open and work necessary county roads, and "in their discre-
tion let out by contract to the lowest bidder, the construction or im-
provement . . . when the expenses . . . will exceed fifty dollars,"
reposes a discretion with the commissioners to contract therefor
with or without bids; and a contract exceeding fifty dollars is valid
without being let to bids.

Appeal from a judgment of the superior court for King
county, Frater, J., entered November 8, 1907, in favor of the
defendant upon sustaining a demurrer to the complaint, dis-
missing an action on contract.  Reversed.

*Herr, Bayley & Wilson*, for appellant.

*Kenneth Mackintosh* and *R. W. Prigmore*, for respondent.

FULLERTON, J.—The appellant, who was plaintiff below,
brought this action against the county of King to recover
moneys advanced for the use of the county.  His complaint
was as follows:

"(1)  That the county of King is now, and at all the times
hereinafter mentioned was, a duly organized county in the
State of Washington, and incorporated as such under the
laws of the said state.

"(2)  That on or about the 17th day of September, 1903,
the plaintiff entered into an oral agreement with the board
of county commissioners of said county of King, whereby, at
the request of said commissioners and under their control and
direction, plaintiff was to build, construct and improve for
them and on their behalf the then unimproved portion of
what is known as the 'Money Creek Road' in said county of
King, state of Washington, being further known as 'Road
No. 506', and being one of the so called county roads of said

[1]Reported in 97 Pac. 230.

King county; that said commissioners agreed on behalf of said county of King to advance to plaintiff the money necessary in building and improving said road; that prior to said date said county commissioners had discharged the road supervisor for the district in which said road was situated and that at said date there was no road supervisor in and for said district.

"(3)    That, in compliance with the request and instructions of said commissioners, plaintiff built, constructed and improved over four miles of said county road, known as 'Money Creek Road'; that said road was properly built and constructed in accordance with the specifications of the said county commissioners and under their supervision and has been accepted and used by the said county of King.

"(4)    That at the time plaintiff began said work, in accordance with the request of said commissioners, said commissioners paid him the sum of five hundred dollars ($500) for the purpose of buying material and supplies, and that since then said commissioners have paid, on account of labor and material used on their behalf by plaintiff in building said road, the sum of twenty-four hundred dollars ($2400), making a total of twenty-nine hundred dollars ($2900).

"(5)    That in carrying on said work, in compliance with the request and direction of said county commissioners, plaintiff has expended, in addition to the above sum of twenty-nine hundred dollars ($2900), the sum of eleven thousand six hundred forty-one and 87-100 dollars ($11,641.87), all of which sum has been expended in payment for labor and necessary material and supplies for said work, and that, under the aforesaid agreement of said county commissioners, there is now due and owing from said county of King to plaintiff the sum of eleven thousand six hundred forty-one and 87-100 dollars ($11,641.87).

"(6)    That on or about the 27th day of October, 1904, plaintiff did present to the board of county commissioners for the county of King his claim, in writing, wherein he set forth the facts hereinabove referred to, and claimed the said sum of $11,641.87 to be due him under the terms of said contract, and prayed that said claim be allowed and paid by the said county commissioners of the said county of King; that said commissioners have wholly failed and refused to allow

said claim, and that no part of said sum of $11,641.87 has been paid.

"Wherefore plaintiff demands judgment against the defendant for the sum of $11,641.87, and for his costs and disbursements herein incurred."

A demurrer was interposed and sustained to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The appellant elected to stand on his complaint, whereupon judgment for costs and of dismissal was entered against him.

The demurrer was sustained on the ground that the county commissioners of King county did not bind the county by the contract they attempted to make on its behalf set forth in the complaint. Whether they did bind the county, is the question presented on this appeal.

The section of the statute defining the powers of boards of county commissioners with reference to county roads, in force at the time this agreement was entered into, reads as follows:

"The boards of county commissioners of the several counties in the state shall have general supervision over the roads in their respective counties. They must cause to be opened and worked such roads as are necessary for public convenience, which have been laid out and established according to law; levy such taxes for road and bridge purposes as are by law provided for; order and direct road supervisors especially in regard to work to be done on particular roads in their districts; in their discretion cause to be erected and maintained on such public roads as they may designate, guide posts, properly inscribed; in their discretion let out by contract to the lowest bidder, the construction or improvement of any road or bridge on the public roads, when the expense of such construction or improvement will exceed the sum of fifty dollars; remove any road supervisor for inefficiency or neglect of duty or malfeasance in office; order such warrants drawn on the county treasurer and payable out of the funds to the credit of any district as are necessary to pay for labor performed in said district under the direction of the road supervisor, except such work as may be performed by residents of

the district in payment of road poll tax or property road tax as hereinafter provided." Bal. Code, § 3767.

The county contends, and the trial judge held, that the clause in the foregoing section providing that the commissioners may in their discretion let out by contract to the lowest bidder the construction or improvement of any road or bridge on the public roads, when the expense of the improvement will exceed the sum of fifty dollars, makes it mandatory on the part of the commissioners to let all such contracts to the lowest bidder, and that any such contract not let without calling for bids, or other than to the lowest bidder, is beyond the powers of the commissioners, and void; the argument in support of the contention being that the phrase "in their discretion" refers to the letting of the contract, not the manner in which it shall be let—that is, the commissioners may in their discretion let the contract, but if they do let it, they must let it to the lowest bidder.

On the other hand, the appellant contends that the phrase refers to the manner of letting the contract—that is, the commissioners, when they let a contract which calls for an expenditure of more than fifty dollars, may, at their option, call for bids and let the contract to the lowest bidder, or they may let it on such terms as they deem just without calling for bids.

It seems to us that this latter construction is the correct one. It will be noticed that it is made mandatory on the part of the commissioners, in an earlier clause of the section quoted, to "cause to be opened and worked such roads as are necessary for public convenience which have been laid out and established according to law." The language is that "they must" do these things. After making this mandatory condition, it is hardly to be supposed that they would, in the same section, insert another condition to the effect that the work should be discretionary with the commissioners. Furthermore, the state's contention would be clearly expressed by the remainder of the sentence had the qualifying phrase

been omitted. It must follow, we think, that the legislature intended by this phrase to confer on the commissioners a discretion as to the manner of letting a contract for the improvement of a road, rather than to make it imperative that they let it to the lowest bidder in all cases.

The judgment is reversed, and the cause remanded with instructions to reinstate the case and require the defendants to answer to the merits.

HADLEY, C. J., MOUNT, CROW, and ROOT, JJ., concur.